IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-021-Z |
| PATRICK JAVON HARDY | |

### FACTUAL RESUME

In support of Patrick Javon Hardy's plea of guilty to the offense in Count Two of the indictment, Hardy, the defendant, Morgan Howard, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of Ammunition, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed ammunition as charged in the indictment;

*Second.* That before the defendant possessed the ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.* That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Patrick Javon Hardy**
**Factual Resume—Page 1**

*Fourth.*   That the ammunition possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the ammunition, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1. Patrick Javon Hardy, defendant, admits and agrees that on or about February 24, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, ammunition, to wit, 88 rounds of assorted 9mm ammunition and 150 rounds of .40 caliber ammunition, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2. On February 24, 2025, Amarillo Police Department (APD) officers observed Patrick Javon Hardy driving a vehicle in Amarillo, Texas. The officers did a computer check on Hardy, as he was known to have local warrants for his arrest. The officers confirmed that Hardy had active arrest warrants.

3. Officers conducted a traffic stop of Hardy's vehicle and informed Hardy that he was under arrest for the outstanding warrants. Officers searched Hardy incident to arrest and located a baggie of suspected marihuana in Hardy's jacket and a baggie of pills in Hardy's pants pocket.

4. Officers then conducted a probable cause search of the Hardy's vehicle. During the search, officers located a privately manufactured firearm with a Glock factory

barrel (serial number BEHD974), which was loaded with 9mm ammunition. Officers also located an additional magazine containing 9mm caliber ammunition, loose rounds of 9mm ammunition, and three boxes of .40 caliber ammunition inside the vehicle. In total, officers located 88 rounds of assorted 9mm ammunition and 150 rounds of .40 caliber ammunition.

5. An officer conducted an interview with Hardy. Hardy was read his *Miranda* warnings. Hardy waived his rights and agreed to make a statement. During the interview, Hardy admitted that he knew he was a convicted felon. He also admitted to handling the firearm found inside his vehicle, stating that his DNA and fingerprints would be on the firearm. Hardy stated that he had a "clip" and ammunition inside the vehicle as well.

6. Before Hardy possessed the above-described ammunition, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, on May 15, 2015, the defendant was convicted of the felony offense of burglary with a deadly weapon in the County of Marion, Indiana in cause number 49G02-1408-F2-040133.

7. Hardy admits that the ammunition was not manufactured in the State of Texas. For example, the Monarch .40 caliber S&W ammunition was manufactured in the Serbia and was imported to the United States by Academy Sports. Because the ammunition was found in Texas on February 24, 2024, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the

firearm, it had traveled at some time between any part of the United States or a foreign country.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

9. The defendant further admits and agrees that he possessed the above-described ammunition in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d).

AGREED TO AND STIPULATED on this 2nd day of May, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
Patrick Javon Hardy
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Morgan Howard
Attorney for Defendant